UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:24-CV-00984-FDW-SCR

| | |
|---|---|
| QUEEN OF HEIRS BUSINESS TRUST, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| STATE OF NORTH CAROLINA et al, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on Plaintiff Queen of Heirs Business Trust's Motion for Preliminary Injunction filed on November 20, 2024. (Doc. No. 3.) Plaintiff seeks an order that requires the "Gaston County sheriff department, all affiliates of Gaston county of to cease and desist from all unlawful activities described" in the motion. (Id. at 2.) Plaintiff also filed two supporting documents: a consumer report to the Federal Trade Commission and a letter from the Gaston County Tax Office Collections Division. (Doc. No. 3-1, pp. 1–4.)

At the outset, the Court notes that Plaintiff, which is proceeding *pro se*,[1] appears to be a trust.[2] 28 U.S.C. § 1654 authorizes parties to "plead and conduct their own cases personally." However, corporate and other artificial entities must be represented by legal counsel in federal court. See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 202 (1993) ("[T]he lower courts have uniformly held that 28 U.S.C. § 1654 . . . does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a

---

[1] Plaintiff stylizes itself as a "propria personal, sui juris" litigant. (Doc. No. 4.) The Court uses the term "*pro se*" to indicate that Plaintiff is proceeding without legal representation.

[2] Plaintiff, Queen of Heirs Business Trust, appears to be associated with an individual named Brandy Chenell Ashby, also known as Brandy Chenell Brown. (Doc. No. 1-1.) Ms. Ashby previously removed frivolous cases to this Court. See State of North Carolina v. Brandy Chenell Ashby, No. 3:24-cv-00780-GCM (Aug. 27, 2024).

licensed attorney."). Courts within the Fourth Circuit have held that trusts, as entities, cannot proceed pro se.[3] Basira Na'Imah Bey Express Tr. v. Carrington Mortg. Servs., LLC, No. 1:22-CV-1020, 2023 WL 4868083, at *2 (M.D.N.C. July 31, 2023) (collecting cases).

Plaintiff therefore cannot pursue this action without legal counsel. Accordingly, Plaintiff must obtain legal counsel before the Court can consider the Motion for Preliminary Injunction.

Furthermore, although the Court liberally construes *pro se* pleadings, it appears that Plaintiff's case lacks merit. Indeed, Plaintiff's filings seem to draw on sovereign citizen theories of law, which are frivolous. United States v. White, 480 F. App'x 193, 195 (4th Cir. 2012).

**IT IS THEREFORE ORDERED** that:

1. Plaintiff's Motion for Preliminary Injunction, (Doc. No. 3), is DENIED without prejudice.
2. Plaintiff is DIRECTED to obtain legal counsel within 30 days. Plaintiff's counsel must enter a Notice of Appearance in this matter within 30 days of this Order. Should Plaintiff fail to obtain legal counsel, this matter will be dismissed without further notice.

**IT IS SO ORDERED.**

Signed: November 21, 2024

Frank D. Whitney
United States District Judge

---

[3] Five Circuit Courts also extend "artificial entities" to include trusts and prohibit non-attorney trustees from representing a Trust *pro se*. See, e.g., J.J. Rissell, Allentown, PA Trust v. Marchelos, 976 F.3d 1233, 1236 (11th Cir. 2020), United States v. Lain, 773 F. App'x 476, 477 (Mem) (10th Cir. 2019), Van De Berg v. C.I.R., 175 F. App'x 539, 541 (3d Cir. 2006), Hale Joy Trust v. C.I.R., 57 F. App'x 323, 324 (9th Cir. 2003), Knoefler v. United Bank of Bismarck, 20 F.3d 347, 348 (8th Cir. 1994).