SPECIAL DEPOSIT

WITHOUT RECOURSE
pay to order of,
QUEEN OF HEIRS BUSINESS TRUST
By: /s/ Ashby: Brandy-Chenell
TTEE



# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NO. 3:24-CV-00984-FDW-SCR

| | |
|---|---|
| QUEEN OF HEIRS BUSINESS TRUST, | ) |
| Plaintiff, | ) |
| v. | ) ORDER |
| STATE OF NORTH CAROLINA et al, | ) |
| Defendants. | ) |

VOID

FILED
CHARLOTTE, NC
DEC 11 2024
US DISTRICT COURT
WESTERN DISTRICT OF NC

**THIS MATTER** is before the Court on Plaintiff Queen of Heirs Business Trust's Motion for Preliminary Injunction filed on November 20, 2024. (Doc. No. 3.) Plaintiff seeks an order that requires the "Gaston County sheriff department, all affiliates of Gaston county of to cease and desist from all unlawful activities described" in the motion. (Id. at 2.) Plaintiff also filed two supporting documents: a consumer report to the Federal Trade Commission and a letter from the Gaston County Tax Office Collections Division. (Doc. No. 3-1, pp. 1–4.)

At the outset, the Court notes that Plaintiff, which is proceeding *pro se*,[1] appears to be a trust.[2] 28 U.S.C. § 1654 authorizes parties to "plead and conduct their own cases personally." However, corporate and other artificial entities must be represented by legal counsel in federal court. See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 202 (1993) ("[T]he lower courts have uniformly held that 28 U.S.C. § 1654 . . . does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a

---

[1] Plaintiff stylizes itself as a "propria personal, sui juris" litigant. (Doc. No. 4.) The Court uses the term "*pro se*" to indicate that Plaintiff is proceeding without legal representation.
[2] Plaintiff, Queen of Heirs Business Trust, appears to be associated with an individual named Brandy Chenell Ashby, also known as Brandy Chenell Brown. (Doc. No. 1-1.) Ms. Ashby previously removed frivolous cases to this Court. See State of North Carolina v. Brandy Chenell Ashby, No. 3:24-cv-00780-GCM (Aug. 27, 2024).

1


you offer is conditionally accepted under proof of claim signed under penalty of Perjury. Please provide the motion you are denying as We never filed any motions. please provide this in 7 days also provide Laws to match you claims

WITHOUT RECOURSE
pay [illegible] of,
QUEEN OF HEIRS BUSINESS TRUST
By: /s/ Ashby: Brandy-Chenell
TTEE

**SPECIAL DEPOSIT**

[Handwritten stamp, upper left:] WITHOUT RECOURSE pay to order of, QUEEN OF HEIRS BUSINESS TRUST By: /s/ Ashanti Brandy-Chenell TTEE

licensed attorney."). Courts within the Fourth Circuit have held that trusts, as entities, cannot proceed pro se.[3] Basira Na'Imah Bey Express Tr. v. Carrington Mortg. Servs., LLC, No. 1:22-CV-1020, 2023 WL 4868083, at *2 (M.D.N.C. July 31, 2023) (collecting cases).

Plaintiff therefore cannot pursue this action without legal counsel. Accordingly, Plaintiff must obtain legal counsel before the Court can consider the Motion for Preliminary Injunction.

Furthermore, although the Court liberally construes *pro se* pleadings, it appears that Plaintiff's case lacks merit. Indeed, Plaintiff's filings seem to draw on sovereign citizen theories of law, which are frivolous. United States v. White, 480 F. App'x 193, 195 (4th Cir. 2012).

**IT IS THEREFORE ORDERED** that:

1. Plaintiff's Motion for Preliminary Injunction, (Doc. No. 3), is DENIED without prejudice.

2. Plaintiff is DIRECTED to obtain legal counsel within 30 days. Plaintiff's counsel must enter a Notice of Appearance in this matter within 30 days of this Order. Should Plaintiff fail to obtain legal counsel, this matter will be dismissed without further notice.

**IT IS SO ORDERED.**

Signed: November 21, 2024

Frank D. Whitney
United States District Judge

[Handwritten annotations in red:] We Not Proceeding PRO SE! You Are TRYING to FORCE PRO SE NOT US IT YOU. ANYThing that Comes out Attorney Mouth is HEAR SAY Not Admissable Attorney is Third Party has No Knowledge of facts ALL WORKING on the SAme TEAM. Plaintiff Never PUT IN a motion motion is ASKING FOR YOUR Permission which we DID NOT. This ORDER IS VOID NOT Valid as put IN. No motion was missing court seal Void

---

[3] Five Circuit Courts also extend "artificial entities" to include trusts and prohibit non-attorney trustees from representing a Trust *pro se*. See, e.g., J.J. Rissell, Allentown, PA Trust v. Marchelos, 976 F.3d 1233, 1236 (11th Cir. 2020), United States v. Lain, 773 F. App'x 476, 477 (Mem) (10th Cir. 2019), Van De Berg v. C.I.R., 175 F. App'x 539, 541 (3d Cir. 2006), Hale Joy Trust v. C.I.R., 57 F. App'x 323, 324 (9th Cir. 2003), Knoefler v. United Bank of Bismarck, 20 F.3d 347, 348 (8th Cir. 1994).

2

[Page shown upside-down; contains handwritten annotations and stamps over a court order. Visible stamps:]

WITHOUT RECOURSE
pay to order of,
QUEEN OF HEIRS BUSINESS TRUST
By: /s/ ACD by: Brandy-Chenell
_____
TTEE

[Handwritten notes include:] "We are not accepting any of this", "ANYTHING THAT COMES OUT ATTORNEY MOUTH IS HEAR SAY", "Attorney filed PTO IS NO WRITING", "THIS ORDER IS VOID NOT VALID", "NO MOTION WAS FILED IN", "MISSING SPA VOID"

[Rotated 180°, underlying court order text reads:]

proceed pro se." Baskin-Na'Imah Bey Express Tr. v. Carrington Mortg. Servs., LLC, No.] :22-CV-1020, 2023 WL 4868083, at *2 (M.D.N.C. July 31, 2023) (collecting cases).

Plaintiff therefore cannot pursue this action without legal counsel. Accordingly, Plaintiff must obtain legal counsel before the Court can consider the Motion for Preliminary Injunction.

Furthermore, although the Court liberally construes pro se pleadings, it appears that Plaintiff's case lacks merit. Indeed, Plaintiff's filings seem to draw on sovereign citizen theories of law, which are frivolous. United States v. White, 480 F. App'x 193, 195 (4th Cir. 2012).

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion for Preliminary Injunction, (Doc. No. 3), is DENIED without prejudice.

2. Plaintiff is ORDERED to obtain legal counsel within 30 days. Plaintiff's counsel must enter a notice of appearance in this matter within 30 days of this Order. Should Plaintiff fail to obtain legal counsel, this matter will be dismissed without further notice.

IT IS SO ORDERED.

Signed: November 21, 2024

Frank D. Whitney
United States District Judge