


FILED
CHARLOTTE, NC
AUG 15 2025
US DISTRICT COURT
WESTERN DISTRICT OF NC

Office of Trustee
Queen of Heirs Business Trust
CALF No.: 0313.92895R CRID: 40867098
c/o 806 West Central Avenue, Unit 1072
Mount Holly, NC 28120-3446-721
Non-Domestic, Republic

# SPECIAL DEPOSIT
# FINAL DEFAULT JUDGMENT & MINISTERIAL DEMAND

## I. BACKGROUND

On December 22, 2024, Plaintiff filed a Writ for Default Judgment in the amount of Thirty Million Dollars ($30,000,000.00 USD) pursuant to 12 U.S.C. § 411, with proof of proper service. Defendants failed to answer, plead, or otherwise respond as required by law. On July 30, 2025, Plaintiff filed a Notice of Dishonor & Demand to Cure, served via registered mail, which remains unrebutted and uncontested. This filing is now supported by a sworn Affidavit of Default and Sum Certain to satisfy the requirements of FRCP 55(b)(1).

## II. PROCEDURAL DEFAULT RECORD

- Proof of service on all Defendants (USPS PS Form 3817 certificates and firm mailing logs) is already on file with the Court.
- No Defendant filed an answer, motion, or appearance within the time permitted by law.
- Plaintiff issued a Notice of Dishonor & Demand to Cure on July 30, 2025; no cure or response was received.
- Plaintiff waives delay fees, interest; and additional costs beyond the original sum certain to remove any excuse for further delay.

## III. MINISTERIAL DUTY UNDER FRCP 55(b)(1)

When a plaintiff's claim is for a sum certain and is supported by affidavit, and default is shown, the Clerk must enter judgment for that amount. The record establishes default and the Affidavit of Default and Sum Certain accompanies this filing.

## IV. DEMAND FOR IMMEDIATE ENTRY OF JUDGMENT

Plaintiff demands immediate ministerial entry of final judgment in favor of Queen of Heirs Business Trust in the sum certain of Thirty Million Dollars ($30,000,000.00 USD).

## V. ABATEMENT AND JURISDICTION

Any further attempt to compel the Office of Trustee to obtain legal counsel or to reopen this matter is null, void, and without jurisdiction. The Trust operates within its own jurisdiction under trust law; the Trustee represents the Trust. The presiding judge, bound by oath under 28 U.S.C. § 453, must honor constitutional limitations and ministerial duties.

Respectfully submitted,
Office of Trustee
Queen of Heirs Business Trust
All Rights Reserved, UCC 1-308

Trustee



RA 018 068 887 US

## CERTIFICATE OF SERVICE

I, the undersigned, certify that on this 13 day of August, 2025, the foregoing FINAL DEFAULT JUDGMENT & MINISTERIAL DEMAND was served by placing a true and correct copy thereof in a properly addressed envelope, with postage prepaid, via United States Postal Service REGISTERED MAIL, to the following:

Clerk of Court
United States District Court – Western District of North Carolina
401 West Trade Street
Charlotte, NC 28202
Registered Mail No.: RA018068895US

Respectfully submitted,
Office of Trustee
Queen of Heirs Business Trust
All Rights Reserved, UCC 1-308

______________________
Trustee



RA 018 068 887 US

Office of Trustee
Queen of Heirs Business Trust
CALF No.: 0313.92895R CRID: 40867098
c/o 806 West Central Avenue, Unit 1072
Mount Holly, NC 28120-3446-721
Non-Domestic, Republic

AFFIDAVIT OF DEFAULT AND SUM CERTAIN

I, the undersigned Trustee for Queen of Heirs Business Trust, being of lawful age, competent to testify, and having first-hand knowledge of the facts herein, do hereby swear and affirm as follows:

1. On December 22, 2024, Queen of Heirs Business Trust filed a Writ for Default Judgment in the United States District Court – Western District of North Carolina, seeking judgment in the amount of Thirty Million Dollars ($30,000,000.00 USD) pursuant to 12 U.S.C. § 411, supported by exhibits and proof of service.

2. Defendants were duly served via United States Postal Service First-Class Mail, as evidenced by USPS PS Form 3817 Certificates of Mailing and firm mailing logs.

3. Thereafter, the complete set of service documents, including proof of mailing to each Defendant, was transmitted to the United States District Court – Western District of North Carolina via United States Postal Service Registered Mail for filing. Said proof is already on record in this case and is incorporated herein by reference as if fully set forth.

4. Defendants failed to file any answer, responsive pleading, or appearance within the time allowed by law.

5. On July 30, 2025, the Trust filed a Notice of Dishonor & Demand to Cure, providing an additional opportunity to respond within ten (10) days. This notice was also served via Registered Mail to the court and remains unrebutted.

6. The claim against Defendants is for a sum certain in the amount of Thirty Million Dollars ($30,000,000.00 USD), exclusive of costs and interest, and the Trust has expressly waived any claim for delay fees or interest.

Office of Trustee
Queen of Heirs Business Trust
CALF No.: 0013.928958 CRID: 40867098
c/o 805 West Central Avenue, Unit 1072
Mount Holly, NC 28120-3446-721
Non-Domestic, Republic

RA 015 048 887 US

AFFIDAVIT OF DEFAULT AND SUM CERTAIN

I, the undersigned Trustee for Queen of Heirs Business Trust, being of lawful age, competent to testify, and having first-hand knowledge of the facts herein, do hereby swear and affirm as follows:

1. On December 22, 2024, Queen of Heirs Business Trust filed a Writ for Default Judgment in the United States District Court – Western District of North Carolina, seeking judgment in the amount of Thirty Million Dollars ($30,000,000.00 USD) pursuant to 12 U.S.C. § 411, supported by exhibits and proof of service.

2. Defendants were duly served via United States Postal Service First-Class Mail, as evidenced by USPS PS Form 3817 Certificates of Mailing and firm mailing list.

3. Thereafter, the complete set of service documents, including proof of mailing to each Defendant, was transmitted to the United States District Court – Western District of North Carolina via United States Postal Service Registered Mail for filing. Said proof is already on record in this case and is incorporated herein by reference as if fully set forth.

WITHOUT RECOURSE
pay to order of,
QUEEN OF HEIRS BUSINESS TRUST
By: /s/ Ashby: Brandy-Chenell
TTEE

4. Defendants failed to file any answer, responsive pleading, or appearance within the time allowed by law.

5. On July 30, 2025, the Trust filed a Notice of Dishonor & Demand to Cure, providing an additional opportunity to respond within ten (10) days. This notice was also served via Registered Mail to the court and remains unrebutted.

6. The claim against Defendants is for a sum certain in the amount of Thirty Million Dollars ($30,000,000.00 USD), exclusive of costs and interest, and the Trust has expressly waived any claim for delay fees or interest.



7. This affidavit is executed to satisfy the requirements of Rule 55(b)(1) of the Federal Rules of Civil Procedure, establishing that the claim is for a sum certain, supported by affidavit, and that Defendants are in default.

8. During the pendency of this matter, the presiding judge has acted outside lawful authority by issuing orders purporting to compel the Office of Trustee to obtain legal counsel to represent the Trust, despite the fact that no Defendant has answered or appeared. With no response filed, there exists no contested issue of fact or law and no adversarial proceeding requiring statutory representation. The Trust operates in its own jurisdiction under trust law, and statutes apply to state employees, officers, and corporate actors — not to this Trust or its Trustees. The Trustee, under Restatement (Second) of Trusts § 177 and Bogert, Trusts and Trustees § 871, is the proper party to enforce claims of the trust without compulsory outside representation. The judge, having taken an oath under 28 U.S.C. § 453 to uphold the Constitution of the United States, is bound to honor that oath and to respect jurisdictional boundaries. Such conduct constitutes judicial bias, overreach, and an attempt to apply statutory provisions where no such jurisdiction exists, contrary to the principles established in Marbury v. Madison, 5 U.S. (1 Cranch) 137 (1803); Cooper v. Aaron, 358 U.S. 1 (1958); and Hale v. Henkel, 201 U.S. 43 (1906). Further, under the maxims of equity — 'Equity regards as done that which ought to be done,' 'Equity will not suffer a wrong without a remedy,' and 'Equity will not allow a statute to be used as an instrument of fraud' — the ministerial entry of judgment is both a legal and equitable necessity.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this 13 day of August, 2025.
Respectfully submitted,
Office of Trustee
Queen of Heirs Business Trust
All Rights Reserved, UCC 1-308

[signature]
Trustee

Notary Acknowledgment: [signature]

ASHLEY WILLIAMS
Notary Public
Cleveland Co., North Carolina
My Commission Expires Nov. 1, 2027



7. This affidavit is executed to satisfy the requirements of Rule 55(b)(1) of the Federal Rules of Civil Procedure, establishing that the claim is for a sum certain, supported by affidavit, and that Defendants are in default.

8. During the pendency of this matter, the presiding judge has acted outside lawful authority by issuing orders purporting to compel the Office of Trustee to obtain legal counsel to represent the Trust, despite the fact that no Defendant has answered or appeared. With no response filed, there exists no contested issue of fact or law and no adversarial proceeding requiring statutory representation. The Trust operates in its own jurisdiction under trust law, and statutes apply to state employees, officers, and corporate actors — not to this Trust or its Trustees. The Trustee, under Restatement (Second) of Trusts § 177 and Bogert, Trusts and Trustees § 871, is the proper party to enforce claims of the trust without compulsory outside representation. The judge, having taken an oath under 28 U.S.C. § 453 to uphold the Constitution of the United States, is bound to honor that oath and to respect jurisdictional boundaries. Such conduct constitutes judicial bias, overreach, and an attempt to apply statutory provisions where no such jurisdiction exists, contrary to the principles established in Marbury v. Madison, 5 U.S. (1 Cranch) 137 (1803); Cooper v. Aaron, 358 U.S. 1 (1958); and Hale v. Henkel, 201 U.S. 43 (1906). Pursuant to the maxims of equity — 'Equity regards as done that which ought to be done,' 'Equity will not suffer a wrong without a remedy,' and 'Equity will not allow a statute to be used as an instrument of fraud' — the ministerial entry of judgment is both a legal and equitable necessity.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this 13 day of August, 2025.
Respectfully submitted,
Office of Trustee
Queen of Heirs Business Trust
All Rights Reserved, UCC 1-308

Notary Acknowledgment:

ASHLEY WILLIAMS
Notary Public
Cleveland Co., North Carolina
My Commission Expires Nov. 1, 2027

WITHOUT RECOURSE
pay to order of,
QUEEN OF HEIRS BUSINESS TRUST
By: /s/ Ashley: Brandy Chenell



RA 018 068 887 US

## CERTIFICATE OF SERVICE

I, the undersigned, certify that on this 13 day of August, 2025, the foregoing FINAL DEFAULT JUDGMENT & MINISTERIAL DEMAND was served by placing a true and correct copy thereof in a properly addressed envelope, with postage prepaid, via United States Postal Service REGISTERED MAIL, to the following:

Clerk of Court
United States District Court – Western District of North Carolina
401 West Trade Street
Charlotte, NC 28202
Registered Mail No.: RA018068895US

Respectfully submitted,
Office of Trustee
Queen of Heirs Business Trust
All Rights Reserved, UCC 1-308

_______________
Trustee

SPECIAL DEPOSIT

WITHOUT RECOURSE
pay to order of,
QUEEN OF HEIRS BUSINESS TRUST
By: /s/ Ashby: Brandy-Chenell
TTEE

QUEEN OF HEIRS BUSINESS TRUST